IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HOOVER REYNOLDS, #133254, | ) |
| Petitioner, | ) |
| v. | ) 2:05-CV-448-F |
|  | ) WO |
| T. McDONALD, et al., | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 application for habeas corpus relief filed by Hoover Reynolds ["Reynolds"], a state inmate, on May 16, 2005. In this action, Reynolds challenges the first degree robbery conviction entered against him by the Circuit Court of Montgomery County, Alabama on July 27, 1984. The trial court sentenced Reynolds as a habitual offender to life imprisonment without parole for this conviction.

**I. DISCUSSION**

A review of this court's records establishes that Reynolds has filed three previous habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1984 robbery conviction. *See Reynolds v. Johnson, et al.*, Civil Action No. 86-V-516-N (M.D. Ala. 1988); *Reynolds v. Jones, et al.*, Civil Action No. 88-D-1127-N (M.D. Ala. 1990); and *Reynolds v. Jones, et al.*, Civil Action No. 91-V-1127 (M.D.Ala. 1992).

"Before a second or successive application [for habeas corpus relief] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). It is clear from the petition

filed in this case that Reynolds has not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for habeas corpus relief. "Because this undertaking would be [the petitioner's] fourth habeas corpus petition [attacking his 1984 robbery conviction] and because he had no permission from [the Eleventh Circuit] to file a [fourth] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). In light of the foregoing, this court lacks jurisdiction to consider the petitioner's successive petition for habeas corpus relief and the present petition is therefore due to be summarily dismissed. *Id*.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the instant § 2254 petition for habeas corpus relief be denied and this case dismissed as the petitioner failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas petition.[1]

It is further

ORDERED that on or before May 31, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[1] The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Reynolds] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before [he] filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of May, 2005,

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE