IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 JUL 18  A ⸱⸳ 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST.  ALA.

HOOVER REYNOLDS,

    Petitioner,

v.

DONALDSON CORRECTION FACILITY,

    Respondents.

CASE NO.
2:05-CV-448-F

MOTION TO RECONSIDER ORDER OR IN
THE ALTERNATIVE, MOTION FOR LEAVE TO TAKE
AN INTERLOCUTORY APPEAL IN FORMA PAUPERIS

    Comes the petitioner Hoover Reynolds, pro se and moves the Court to reconsider its order of June 29, 2005, which dismissed the petition for Writ of habeas corpus. In the alternative, petitioner respectfully requests leave to take an intelocutory appeal from said order in forma pauperis. The grounds of this motion are:

    1. Petitioner did not receive the Magistrate Judge recommendation to obtain an order from the Eleventh Circuit Court of Appeals to authorize this Court to consider petitioner successive habeas petition, nor did petitioner receive a response from respondents. Whereas, the only order petitioner's received from this Court, in an order granting him to proceed in forma pauper's on May 18, 2005. (See order of the Magistrate Judge). Moreover, had petitioner had the opportunity, he

would have presented facts that would entitle him to relief, pursuant to 28 U.S.C § 1631, Whereas, the petitioner assumed that he had been sentence under habitual offender act because he was sentenced to life without parole imprisonment, but he have more recently come to believe that the Act had not been applied, because there is noting in the record that indicates that it had been applied. (See Exhibit-A).

On December 9, 2002, petitioner filed a Rule 32 petition for post-conviction relief in the circuit court of Montgomery County. In the Rule 32 petition, the petitioner's alleged that his sentence of life without parole imprisonment for first degree robbery exceeded the maximum authoized by law or otherwise not authized by law, because he was not sentence under the Habital Felony Offender Act. Then sometime later the states filed a motion for summary dismissal. Which the respondents did not specifically refute petitioner's allegations concerning of the legality of petitioner sentence, Whereas, for 14-months or more petitioner did not receive a ruling from the circuit court. Then on February 18, 2004, petitioner filed a Petition for a writ of Mandamus in the Alabama Court of Criminal Appeals to compell the circuit court to rule on his Rule 32 petition filed on December 9, 2002. Then on March 12, 2004, the Court of Criminal appeals informed petitioner's that his Rule 32 petition was denied on January 2003. Which, the petitioner's did not receive notice from the circuit court that his petition was denied in order to file a timely notice of appeal.

Then on about May 4, 2004, petitioner's filed another Rule 32 petition in the circuit court pursuant to Rule 32.1 (f), Ala. R.

Crim. P.. In the Rule 32 petition the petitioner's requested permission to file an out-of-time appeal from the circuit court dismissal of his prior Rule 32 petition that was dismissed on January 22, 2003; because petitioner did not receive a timely notice of the circuit court dismissal of his Rule 32 petition to file a notice of appeal. Then on June 2, 2004, the respondent's filed a response to petitioner's Rule 32 petition, which the respondents requested that the Rule 32 petition be dismissed under Rule 32.2(a)(4); 32.2(b); 32.2(c); and 32.3, Ala. R. Cr. P.. Then on about July 1, 2004, petitioner's filed his reply to the respondents answer to his petition, which he contended that he was not claiming that the habitual felony offender act was improperly applied, he was not claiming that the State did not prove that he had been convicted of the 3-prior felonies, nor was he claiming that he was not represented by counsel; rather, his "Sole Claim, is that his sentence is illegal because he was not sentence under the HFOA." See <u>Adams v. State</u>, 835 So. 2d 239 (Ala. Crim. App. 2001); <u>Green v. Nagle</u>, CV-94-H-2195-S (N.D. Ala. Sept, 1995; and <u>Draper v. Nagle</u>, CV-90-H-0370-S (N.D. Ala. Oct. 13, 1993). The circuit court fail to hold an evidentiary hearing or rule on the Rule 32 petition for the out-of-time appeal for more than 6-months.

Then on January 5, 2005, petitioner's filed another petition for Writ of Mandamus in the court of criminal appeals to compel the circuit court to rule on his petition for an out-of-time appeal or to grant petitioner an out-of-time appeal. On January 13, 2005, the court of criminal appeals issued an order pursuant to the provisions of Rule 21(b), Ala. R. App. granting the respondent 21 days to response to the allegation contained in the petition for writ of

-3-

mandamus. Then on January 24, 2005, the respondent's filed it's response requesting that the petition be denied because review of petitioner's 2003 Rule 32 petition would be barred by the one-year limitation period of Rule 32.2 (c) and by Rule 32.2 (b), and granting petitioner an out-of-time appeal would be a waste of judicial resources. Then on February 16, 2005, the court of criminal appeals denied the petition for writ of mandamus in a memorandum opinion as a waste of judicial resources.

On about March 2, 2005, petitioner's filed a petition for writ of mandamus in the Supreme Court of Alabama for a review of the court of criminal appeals denial of his petition for writ of mandamus. On April 7, 2005, the Supreme Court denied the petition for writ of mandamus.

Then the petitioner's filed this application for writ of habeas because he had no other resource of justice to protect his Constitutional Rights of Due Process against the State Courts mockery of justice, Judge Charles Price bias and prejudice's or the over 200k of the law. Where as, petitioner's have been imprisonment for 23-years, serving on an illegal sentence for a first degree robbery that the respondents's is fully aware of the unjust legality of petitioner's sentence.

An illegal sentence may be challenged at any time. 'The holding in Ex parte Brannon, 547 So. 2d 68 (Ala. 1989), appears to equate an invalid sentence with a "jurisdictional" defect, cf. Rule 16.2 (b), A. R. Crim. P. Temp. ("The lack of subject matter jurisdiction . . . may be raised . . . at any time"). Falkner v. State, 586 So. 2d 39, 47-48 (Ala. Cr. App. 1991); and cases cited therein Adams v. State.

The petitioner assumed that he had been sentenced under habitual offender act because he was sentence to life without parole imprisonment, but he more recently come to believe that

-4-

the Act had not been applied, because there is nothing in the record that's indicates that it had been applied. (See Exhibit-A). The Habitual Felony Offender Act is not "self-executing" and must be invoked before the original sentencing, or it cannot be applied at a subsequent sentencing hearing. See Ex parte Williams, 510 So. 2d 135, 136 (Ala. 1987).

WHEREFORE, petitioner respectfully requests that the Court.

1. To reinstate this cause of action in the "interest of justice and to hold an evidentiary hearing of the foregoing matter because petitioner is saving an illegal sentence.

IN THE ALTERNATIVE, petitioner requests leave to take an interlocatory appeal in forma pauperis to the United States Court of Appeals for the Eleventh Circuit from this Court order entered herein on June 27, 2005.

Done this 11 day of July, 2005.

Respectfully submitted,

Hoover Reynolds
Hoover Reynolds / Petitioner Pro se
#133254 1-49
100 Warrior Lane
Bessemer, Al 35023-7299

Cc:
  HR