3 Div. 119

RECEIVED VOLUME I OF II VOLUMES

2005 JUL 18 A 10: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT

JAN 31 1985

ALA COURT CRIMINAL
MOLLIE JORDAN, C...

HOOVER REYNOLDS (#133254
Dorman 37
Minor 30503)

APPELLANT

IN FORMA PAUPERIS

VS

STATE OF ALABAMA

APPELLEE

CASE NUMBER CN-82-1487

APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY

APR 4 1985    SUBMITTED ON BRIEFS

May 27, 1986. Aff'd; no opinion. Patterson, J.

**ALL THE JUDGES CONCUR**

JUN - 9 1986   APPLICATION FOR REHEARING & RULE 39(k) MOTION ( Pro Se )

June 24, 1986. App. overruled; Mot. denied. Patterson, J.

**ALL THE JUDGES CONCUR**

Richard Shinbaum P.O. Box 1657
HONORABLE BOB ALLEN, 138 ADAMS AVENUE, MONTGOMERY, ALABAMA 36102
ATTORNEY FOR APPELLANT

ATTORNEY GENERAL, STATE OF ALABAMA, MONTGOMERY, ALABAMA
ATTORNEY FOR APPELLEE

EXHIBIT-A

defendant guilty as charged.

Thank you, ladies and gentlemen -- ladies of the jury. We appreciate your serving on jury duty. If it weren't for you all, this system wouldn't work. You are free to go, but leave the buttons. The verdict will be entered on the docket sheet.

(Whereupon, all proceedings were adjourned.)

### SENTENCING

(Whereupon, the following proceedings occurred on Friday, August 24, 1984, before the Honorable Judge Charles Price, sitting as Judge of said Court:)

THE COURT: Hoover Reynolds.

MR. ALLEN: I have not received any notice.

MS. EMFINGER: Judge, --

THE COURT: That notice was always known, in my opinion.

MS. EMFINGER: He admitted on the stand to three prior felonies, Judge, and I don't think you have to --

THE COURT: Do you have anything to say why the sentence of law shouldn't now be imposed against you?

THE DEFENDANT: I have something to say.

THE COURT: Okay.

THE DEFENDANT: I know you peoples don't want to hear this, but as my right, I will take this opportunity to speak for myself. I am now very aware of this courtroom system of mockery of justice whereas all of you who took part in this trial that I am accused of, for and against me, conspired to deny me equal protection and due process of law to convict me for a crime I did not do. Whereas you, Your Honor, is it because I wouldn't cop out as you instructed me -- as my brother, excuse me, as my brother, to tell me to cop out? That you would give me four or five years? I do want you to know I will not cop out to one day for a crime I did not do. Yeah, I told the police that I done the crime, but only to release the torment they they was putting me through and for their promises they made me if I were to tell them that I done the robbery. But you, Your Honor, you deliberately gave the prosecution and the police every opportunity to change and manufacture a case against me. In fact, for example, on July 16th, at the pretrial, suppression hearing, before the hearing, the State started -- I requested to speak with you and my trial counsel in your chambers.

Because I knew once the prosecution heard my testimony, that they would not produce the films that came of of the crime eye camera nor would they produce the polygraph test that was taken which was -- which would have revealed that I was coerced into giving that statement, but you refused to hear the nature of my allegations in detail, to force me to give away my defense in order to allow prosecution to cover up the police misconduct. Whereas my trial counsel knew the only way that I could prove that the statement was coerced was to obtain those films and polygraph test before the suppression hearing started, but when a person comes into this courtroom complaining of his counsel, police misconduct, you act as though he has committed mayhem with the law of the United States which provides a person to have effective assistance of counsel. Who else am I to tell of his misconduct? His action was nothing but a sham. As for informing Mr. Allen never to tell the Judge about your conduct and to sue you, well, I -- I don't want to sue you, I just want my freedom, but you peoples have seen to that not happening. On March 21st, you ruled on a motion for a writ of corum nobis. Verbatim, both Mr. Reynolds and Mr. May testified that

335

pictures was taken of the alleged robber. A Small number was introduced into evidence, which none of them being identified as petititioned to the defendant. The attorney also testified that the other -- other pictures had been named, other robberies, but he made no effort to obtain them. (He also did not subpoena those responsible for developing the pictures and only that the Stae would use their best pictures.) It is clear that counsel for the defendant should have sought all of the pictures available to the State. If the State would not allow the pictures to be seen, then counsel should have asked this Court which he could have it sought and ordered. Defense counsel must always be aware that he is an advocant and he is in an advert -- adversary position with the State -- with the attorney for the State and he must never allow the State to determine what he should see and he should not see. The Court has no way of knowing what those pictures shown by the State would reveal, neither does the defendant. A proper motion for the defendant should -- from defense counsel would have brought this matter before the Court.

[handwritten annotation: "Did Not establish the Chain of evidence."]

> THE COURT: Okay.
>
> THE DEFENDANT: Terms as to whether

the State could select chosen -- which pictures to allow to review, by the jury, no motion was made by Mr. May and he acknowledged that he never requested the opportunity to review those.

    THE COURT:  Anything else?

    THE DEFENDANT:  Yes, sir.

    THE COURT:  Do you have anything as to why you shouldn't be sentenced?

    THE DEFENDANT:  I am not a habitual offender, and I object to the sentencing on that.

    THE COURT:  You know, your comments don't disturb me in the least.  I will --

    THE DEFENDANT:  The facts, Your Honor --

    THE COURT:  You know, it just goes to show that you may be always an enemy in the assertions that I tried to get you to cop out or either by commenting to your brother what you should do and also that I would give you five years.  It's quite obvious that that won't be true because there is no way under the sun I or any other judge can give you five years with your record.  The next thing is dealing with your conspiracy.  Apparently it was by two judges, two different judges and two lawyers.  Because you were convicted of the same crime before and I saw fit to

give you a new trial based on the inadequate counsel, with some reflection, I may have been too lenient in that situation. So, for you to now claim that I have some particular interest in your case or your conviction, that does sort of cast out on your thinking. And, in my opinion, you know, the sentence that you receive is not caused by anybody other than Hoover Reynolds. And I think once you decide that, in your mind, then your life will be much happier and you can live happier yourself. Based on that, the sentence of law is life in the penitentiary without parole.

THE DEFENDANT: Let the record reflect that I still have something to say and I want the record to reflect that.

MS. EMFINGER: There is a matter of restitution of two hundred and sixty-five dollars.

THE COURT: Order restitution in the amount of two hundred, sixty-five dollars. You will never get it.

THE DEFENDANT: And on July 16th, 1984, you ordered the State to give the films and polygraph examination tests to my counsel which there was no testimony which there --

THE COURT: I don't want to cut you off, but the purposes of this hearing, of course, is to just find out whether you have

anything to say why the sentence of law shouldn't be imposed against you. I sentenced you along that line. Now, the argument that you are making now, I am sure, can be taken up at a motion for a new trial or whatever pleadings you want to file.

    THE DEFENDANT: Yes, sir. I would like the record to reflect that I would like to remove Mr. Allen off of my case.

    THE COURT: All right.

    (Whereupon, all proceedings were adjourned.)

IN THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR MONTGOMERY COUNTY
MONTGOMERY, ALABAMA

State of Alabama,                    X
                                     X
      Plaintiff                      X
                                     X
Vs-                                  X    CASE NO: CC-82-1487
                                     X
Hoover Reynolds,                     X
                                     X
      Defendant                      X
                                     X

PETITION FOR EXTENSION
OF TIME FOR FILING TRANSCRIPT

COMES NOW THE COURT REPORTER, Melody J. Perkins, and petitions this Honorable Court to allow the court reporter an additional twenty-eight (28) days in which to file the transcript of testimony in the above styled cause in the office of the Circuit Clerk of Montgomery County, Alabama. The Court Reporter has not been able to complete said transcript due to volume of other court work and appeals.

*[signature]*
Official Court Reporter

ORDER

The foregoing petition having been presented to the Court, and the Court having considered same, it is ORDERED, ADJUDGED and DECREED that the court reporter is granted an additional twenty-eight (28) days to file the transcript in this cause in the office of the Circuit Clerk of Montgomery, Alabama. The time for filing is hereby extended through December 28, 1984.

DATED this 30th day of November, 1984.

*[signature] Charles Price*
Circuit Judge